LAND, Justice.
 

 Alfred M. Daspit, chief auditor of the gasoline tax department of the city of New Orleans, made an affidavit in the first recorder’s court of that city, charging defendant with violating section 5 of Ordinance No. 14003, C. C. S., as amended by section 3 of Ordinance No. 14037, C. C. S., of the city of New Orleans. Defendant was .convicted and sentenced to pay a fine of $25 or serve 30 days in default of payment.
 

 
 *872
 
 The ordinances in question are known as the gasoline tax ordinances of the city of New Orleans.'
 

 Counsel for defendant filed two motions to quash the affidavit on the following grounds:
 

 (1) That Ordinances No. 14003 and No. 14037, C. C. S., of the city of New Orleans, are unconstitutional on the ground that the same violated the constitutional provisions contained in article 14, § 24, of the Constitution of 1921.
 

 (2) That, more particularly, section 5 of Ordinance No. 14003, as amended by section 3 of Ordinance No. 14037, C. C. S., of the city of New Orleans, is unconstitutional, null, and void, for the reason that it required dealers as defined in the ordinance to “secure, maintain, and keep for the period of two years a full and complete record of gasoline sold or purchased for consumption in the Parish of Orleans by said dealer, retailer, handler, or distributor, together with invoices, bills of lading, and other pertinent records and papers as may be required by the Gasoline Tax Department for the reasonable administration of this ordinance,” without prescribing any definite criterion under which
 
 the
 
 discretion of the gasoline tax department of the city of New Orleans is to be exercised, and therefore enables the gasoline tax department to make invidious discriminations against dealers.
 

 The motions to quash were overruled, and an appeal was granted defendant to this court on the question of the constitutionality of the gasoline tax ordinances.
 

 Defendant was also granted an appeal to the criminal district court on the facts of the case, with which we are not concerned.
 

 In Lacoste v. Department of Conservation, 151 La. 909, page 911, syllabus 15, 92 So. 381, 382, it was held that: “Act No. 135 of 1920, § 3, imposing a so-called severance tax of two cents on the dollar on skins or hides of wild animals or alligators, and authorizing the Department 1 of Conservation to ascertain the actual price paid and determine the time when and the manner in which the tax shall be paid and adopt rules and regulations not contrary thereto to carry the act into effect in relation to the collection of the tax,
 
 and section 6, requiring records to be kept by buyers and dealers and to be open to inspection by the Department,
 
 delegates only executive and not legislative power
 
 and gives the Department no a/rbibra/ry power' to oppress legitimate business.”
 

 The case of Lacoste v. Department of Conservation, cited supra, was affirmed by the United States Supreme Court, 263 U. S. 545, 44 S. Ct. 186, 68 L. Ed. 437, and is applicable to the case at bar.
 

 Unless the gasoline tax department of the city of New Orleans could require dealers, retailers, handlers, or distributors to keep “a full and complete record” of gasoline sold or purchased for consumption in the parish of Orleans, it would not be possible for that department to collect the gasoline tax in an efficient'manner. It is specifically provided in the ordinance that the department may require such records as may be necessary for “the reasonable administration of this ordinance.”
 

 The State License Law, Act No. 190 of 1932, § 47, also requires the keeping of a reasonable record of gross sales, subject to inspection and examination by the supervisor of
 
 *874
 
 public accounts and his assistants or by any authorized accountants appointed by municipalities.
 

 The same records are exacted by the ordinance from all dealers in gasoline, without distinction; and there is nothing in the terms of the ordinance itself that enables the department to make invidious discriminations against dealers.
 

 The mere fact that a statute or ordinance might be misused or abused in its enforcement is not a sound argument against its constitutionality, if the provisions of the statute or ordinance are not arbitrary or discriminatory in themselves, in a constitutional sense.
 

 If the bare possibility of misuse or abuse of a statute or ordinance constituted a valid ground for attack upon its constitutionality, it would not be practicable to enact or ordain constitutional laws or ordinances, except in rare instances or in a very limited number of cases.
 

 (2) In the year 1924 the Legislature submitted for adoption an amendment to the Constitution of 1921, providing for the creation of a “Special Paving Fund for the City of New Orleans,” to be derived, in part, from a tax of one cent per gallon on gasoline, when sold or purchased for consumption in the parish of Orleans. Act No. 180 of 1924.
 

 It is provided in section 1 (a) of this act, or amendment, that the tax on gasoline shall be levied from and after January 1, 1925, “to be collected as provided by law for the collection of the State tax on gasoline or other motor fuel sold in the State of Louisiana for domestic consumption or as the Legislature may hereafter prescribe.”
 

 Able counsel for defendant argue that the words “to be collected as provided by law for the collection of the state tax” mean that the tax must be collected by the supervisor of public accounts, who is the official designated to collect the state tax.
 

 Counsel for defendant, therefore, contend that Ordinances No. 14003 and No. 14037 of the city of New Orleans are unconstitutional because they create a gasoline tax department for the collection of the gasoline tax in question.
 

 In our opinion, such construction was not intended. The phrase “to be collected as provided by law for the collection of the state tax” means to be collected in the manner provided by law for the procedure to be followed in the collection of the tax, and its manifest purpose is to make sure that all gasoline taxes shall be collected in a uniform manner. No other construction is permissible.
 

 Counsel for defendant point to the fact that the journal of the Legislature of 1924 shows that Act No. 180 of 1924, as originally introduced, contained the following provision: “To be collected as the Commission Council or its successor as the governing body of the City of New Orleans may hereafter provide by ordinance,” and that by amendment this provision • was omitted from the act as finally, adopted.
 

 From this circumstance, counsel for defendant argue that the Legislature intended to submit to the people a constitutional amendment which authorized the collection of the tax in question, not by the officials of the city of New Orleans, but by the supervisor of public accounts.
 

 
 *876
 
 It is clear that the clause omitted contemplated the procedure for the collection of the tax and, obviously, was omitted because the Legislature declined to authorize the city of New Orleans to adopt any procedure in the collection of the tax that might be in conflict with the one used for the collection of the tax due to the state.
 

 Our conclusion is that Ordinances No. 14003 and No. 14037, C. O. S., of the city of New Orleans, are constitutional and valid, and it is so decreed by this court.